JOHN BRUSNAHAN, RESPONDENT, *v.* MANHATTAN COL-
LEGE, APPELLANT, IMPLEADED WITH ABRAM WAKEMAN,
AS EXECUTOR OF AND TRUSTEE UNDER THE LAST WILL AND
TESTAMENT OF JOSEPH M. LINEHAN, DECEASED, AND
THE SISTERS OF THE POOR OF ST. FRANCIS.

*Section* 10 *of chapter* 184 *of* 1853 — *institutions incorporated thereunder are not subject
to the provisions of chapter* 319 *of* 1848.

Section 10 of chapter 184 of the Laws of 1853 provides that every institution incor-
porated under this act shall have and possess all the powers and privileges, and
be subject to the provisions, liabilities and restrictions of the eighteenth chapter
of part 1 of the Revised Statutes, so far as the same are applicable and have not
been repealed.

Chapter 18 of part 1 of the official edition of the Revised Statutes relates to the
powers, privileges and liabilities of corporations, as well as to other matters relat-
ing to corporations, but does not contain the sixth section of chapter 319 of the
Laws of 1848, rendering devises unlawful unless given by a will which was
made and executed at least two months before the death of the testator.

At the time of the passage of the act of 1853 there was a compilation of the statute
law, known as the fourth edition of the Revised Statutes, published by private
publishers, which had the official certificate of the secretary of state, and had
the legislative permission to its publication so far as it referred to the Revised
Statutes.

The sixth section of the act of 1848 was incorporated in the eighteenth chapter of
part 1 of this edition of the Revised Statutes.

*Held*, that, in the absence of any indication that the legislature intended to refer
to the fourth edition, which contained the prohibitory words of the act of 1848,
the court would decide that it was the intention to refer to the eighteenth chapter
of part 1 of the official Revised Statutes.

That the act of 1848 did not apply to the Manhattan College, which was incor-
porated in April, 1863, by the charter of the Regents of the University of
New York, under and by virtue of chapter 184 of the Laws of 1853 and the
Revised Statutes.

APPEAL by the defendant, Manhattan College, from a judgment,
entered upon an order made at the New York Special Term, over-
ruling a demurrer interposed to the complaint, which judgment was
entered in the office of the clerk of the county of New York on
January 15, 1889.

*C. E. Miller*, for the appellant.

*John Townshend*, for the respondent.

VAN BRUNT, P. J. :

One Joseph M. Linehan made his will on the 9th day of May, 1886, and died on the 1st day of July, 1886, unmarried and without issue. By his will, after making various bequests, he gave to Manhattan College $5,000. The Manhattan College was incorporated in April, 1863, by charter from the Regents of the University of New York, under and by virtue of chapter 184 of the Laws of 1853, and the Revised Statutes. It is claimed that the devise to Manhattan College was void upon the ground that the will was not executed at least two months before the death of the testator.

By section 10 of chapter 184 of the Laws of 1853, it was provided that every institution incorporated under this act shall have and possess all the powers and privileges, and be subject to the provisions, liabilities and restrictions of the eighteenth chapter of part 1 of the Revised Statutes, so far as the same are applicable and have not been repealed. It is because of this provision it is claimed that the devise to Manhattan College was void, in that the sixth section of chapter 319 of the Laws of 1848 rendered unlawful, devises unless under a will made and executed at least two months before the death of the testator.

At the time of the passage of the act of 1853 there was a compilation of the statute law known as the fourth edition of the Revised Statutes, published by private publishers. This edition had State official recognition by certificate of the Secretary of State, and had the legislative permission to its publication, so far as it refers to the Revised Statutes, and by like authority may be read in evidence. And in the eighteenth chapter of part 1 of this edition of the Revised Statutes (1 R. S. [4th ed.], p. 1194, § 6), is found incorporated the provisions of the act of 1848 referred to. This provision is not found in the Revised Statutes themselves. There is an eighteenth chapter of part 1 of the Revised Statutes, to which the descriptive words of the act under consideration would apply. Its subject-matter relates to powers, privileges and liabilities of corporations, as well as other matters relating to corporations; but it does not contain, as already said, the prohibition by means of which it is sought to invalidate the bequest to the appellant. Under these circumstances, it is impossible for us to say that the legislature did

not intend to refer to the eighteenth chapter of part 1 of the Revised Statutes; and there is nothing to indicate that they intended to refer to the fourth edition which contained these prohibitive words.

In the case of the *People ex rel. Furman* v. *Clute* (50 N. Y., 451) it was held that, in an act which enacted that a certain section of part 1 of the Revised Statutes (4th ed.) should be amended, reference was undoubtedly intended to be made to the edition of the Revised Statutes published as above mentioned. But in that case the court held that if the words "fourth edition" had not appeared, they could not have said that the legislature did not intend to refer to the Revised Statutes themselves.

Applying the rule of construction, which seems to be laid down in the case cited, we see no reason for holding that the fourth edition of the Revised Statutes was intended by the legislature when it was not mentioned. We think, therefore, that the restriction did not exist prohibiting the appellant, the Manhattan College, from taking the legacy in question.

The judgment appealed from must be reversed and the demurrer sustained, with costs.

BRADY and BARTLETT, JJ., concurred.

Judgment reversed and demurrer sustained, with costs.